Curia, per O’Neall, J.
That an infant, by neglecting to state his title to a purchaser of his property from another, would thereby prejudice his right, is a proposition which cannot be entertained at law ; for the law presumes an infant to be incapable of either understanding or protecting his rights, and, therefore, generally shields him from injury, on account of every thing done during infancy. It is true if an infant be guilty of a fraud, and he be proceeded against in form ex delicto, he will be answerable; as in the case of Word ads. Vance, 1 N. & McC. 197, where an infant was held to be liable for a deceit in the exchange of horses ; but beyond this I am not prepared to go.
The great question in this case is, whether the plaintiff has done any act, or received any valuable consideration, after he attained to full age, which can be regarded as an affirmation, on his part, of the sale of Caroline by his father to the defendant.
I assume that the plaintiff was of age in February, 1848, for that is the earliest period, on the proof, that he could have attained to maturity ; and to that period the judge below directed the inquiry of the jury, and their finding must be regarded as fixing it as the time when the plaintiff attained to full age.
After that time, the father, Henson Norris, who had carried seventeen of his negroes to Georgia, conveyed them *152 to Reuben Robertson, Alexander Norris and the plaintiff. For what purpose was that conveyance made ? The proof answers — to pay specified debts to Reuben Robertson, Alexander Norris, and $700 due the plaintiff for a negro man sold by the grantor, Henson Norris, to McCullough. When these facts are thus stated, there can be no pretence to say that that conveyance was satisfaction for Caroline, and, therefore, being accepted, was an affirmation of her previous sale by Henson Norris ! But when to this is added, what further appears from the proof, that the conveyance was of no benefit to the plaintiff, it would be carrying the doctrine of implied confirmations a great way beyond any case ever before decided. The cases of confirmation, in this State, have been of purchases made by, or for, an infant. In them it has been held, that, by the retention of property bought during infancy, after full age, the contract of purchase should be affirmed; Cheshire vs. Barrett, 4 McC. 241; Alexander vs. Heriot, Bail. Eq. 223; Eubanks vs. Peak, 2 Bail. 497. These cases proceed upon the notion, that a benefit exactly equivalent to his contract of purchase accrues to the adult by the retention of the property purchased during infancy, and hence the law implies that he affirmed by such act the previous voidable contract. So, too, I have no doubt, if one sell the property of an infant, and . after the infant attains to full age, pays him for it, that the infant could not recover it from the purchaser; and that would be on the ground that having accepted the price from him who had wrongfully sold, he thereby consented to waive the illegality of the sale and make it valid by such an unequivocal act of assent. But before he can be cut off from a clear legal title to property illegally sold, it must be made clearly to appear, that he has received, in money or property, an equivalent. The burden of shewing this rests on the defendant, and if he fails to establish it clearly,, he cannot expect to succeed. In this case it is perfectly manifest that no such proof was given; and. I think the judge below erred in submitting to the jury, that because the negroes conveyed were of greater value than the debts for which it was proved the conveyance was ex *153 ecuted, they might conclude that the plaintiff accepted the deed in satisfaction, also, of the price of Caroline.
But the plaintiff received no benefit whatever from the conveyance. According to the proof, eight of the slaves were sold under attachments in Georgia, and the rest brought back and sold in South Carolina, on account of Henson Norris’ debts. It would be a monstrous doctrine to say, that the property of an infant, sold by his father, should be confirmed to the purchaser by an illegal conveyance, by the father, of other property to the infant after he had attained to full age. There is nothing in such a transaction from which the legal implication can arise. The infant has neither actually assented to the new arrangement, (for it does not purport to be in payment of the past sale) nor has he received benefit from it, whereby, in strict right, he can be said to have received an equivalent for his property.
The motion for a new trial is granted.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.